Justice Stevens,
with whom Justice Souter joins, concurring in the judgment.
While I do not disagree with the Court’s conclusion, I reach it by a more direct route. The alleged Fourth Amendment violation at issue in this case had two distinct consequences for petitioner: First, it provided him with a federal cause of action for damages under Rev. Stat. §1979, 42 U. S. C. § 1983, and second, it provided him with an objection to the admissibility of certain evidence in his state criminal trial. The crux of petitioner’s argument before this Court is that Heck v. Humphrey, 512 U. S. 477 (1994), provides the appropriate rule of accrual for his § 1983 claim. As both he and the majority note, Heck held:
“[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a *398 conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court’s issuance of a writ of habeas corpus, 28 U. S. C. § 2254.... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.” Id., at 486-487 (footnote omitted).
Relying on this principle, petitioner contends that his federal cause of action did not accrue until after the criminal charges against him were dropped.
Unlike the majority, my analysis would not depend on any common-law tort analogies.[1] Instead, I would begin where all nine Justices began in Heck. That case, we unanimously agreed, required the Court to reconcile § 1983 with the federal habeas corpus statute.[2] In concluding that Heck’s dam *399 ages claim was not cognizable under §1983, we found that the writ of habeas corpus, and not § 1983, affords the “ ‘appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement.’ ” Id., at 482 (quoting Preiser v. Rodriguez, 411 U. S. 475, 490 (1973)). Given our holding in Stone v. Powell, 428 U. S. 465, 481-482 (1976), however, that writ cannot provide a remedy for this petitioner. And because a habeas remedy was never available to him in the first place, Heck cannot postpone the accrual of petitioner’s §1983 Fourth Amendment claim.[3] So while it may well be appropriate to stay the trial of claims of this kind until after the completion of state proceedings, see, e. g., Quackenbush v. Allstate Ins. Co., 517 U. S. 706, 731 (1996); cf. Younger v. Harris, 401 U. S. 37 (1971), I am aware of no legal basis for holding that the cause of action has not accrued once the Fourth Amendment violation has been completed.
The Court regrettably lets the perfect become the enemy of the good. It eschews my reasoning because “[f]ederal habeas petitioners have sometimes succeeded in arguing that Stone’s general prohibition does not apply.” Ante, at 395, n. 5 (emphasis added). However, in the vast run of cases, a State will provide a habeas petitioner with “an opportunity for full and fair litigation of a Fourth Amendment claim,” *400 Stone, 428 U. S., at 482, and Heck will not apply. It is always possible to find aberrant examples in the law, but we should not craft rules for the needle rather than the haystack in an area like this.

 See Heck, 512 U. S., at 492 (Souter, J., concurring in judgment) (“Common-law tort rules can provide a ‘starting point for the inquiry under § 1983,’ Carey v. Piphus, 435 U. S. 247, 258 (1978), but. . . [a]t the same time, we have consistently refused to allow common-law analogies to displace statutory analysis, declining to import even well-settled common-law rules into § 1983 ‘if [the statute’s] history or purpose counsel against applying [such rules] in § 1983 actions.’ Wyatt v. Cole, 504 U. S. 158, 164 (1992)” (brackets in original)).

 See id,., at 480 (“This case lies at the intersection of the two most fertile sources of federal-court prisoner litigation — the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U. S. C. § 1983, and the federal habeas corpus statute, 28 U. S. C. §2254”); id., at 491 (Souter, J., concurring in judgment) (“The Court begins its analysis as I would, by observing that ‘this case lies at the intersection of the two most fertile sources of federal-court prisoner litigation — the Civil Rights Act of 1871, . . . 42 U. S. C. §1983, and the federal habeas corpus statute, 28 U. S. C. §2254’”); id., at 490 (Thomas, J., concurring) (“The Court and Justice Souter correctly *399 begin their analyses with the realization that ‘this case lies at the intersection of... the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U. S. C. § 1983, and the federal habeas corpus statute, 28 U. S. C. §2254’”).

 See Spencer v. Kemna, 523 U. S. 1, 21 (1998) (Souter, J., joined by O’Connor, Ginsburg, and Breyer, JJ., concurring) (concluding that a plaintiff may bring § 1983 claim if he could not bring the same claim under the habeas statute); ibid. (Ginsburg, J., concurring) (“I have come to agree with Justice Souter’s reasoning: Individuals without recourse to the habeas statute because they are not ‘in custody’... fit within § 1983’s ‘broad reach’ ”); id., at 25, n. 8 (Stevens, J., dissenting) (“Given the Court’s holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as Justice Souter explains, that he may bring an action under 42 U. S. C. § 1983”).